CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 0 3 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

UNITED STATES OF AMERICA,

v.

O'SHEA DEMOND JACKSON,

*Defendant.*

CRIMINAL CASE NO. 6:06-CR-00009

ORDER AND OPINION

JUDGE NORMAN K. MOON

Before the Court is Defendant O'Shea Jackson's *pro se* "Motion for Bond Reduction," filed May 2, 2006, which the Court construes as a motion for amendment of bond conditions.

United States Magistrate Judge Michael F. Urbanski held a detention hearing on April 6, 2006, at which the Government presented evidence that Defendant tried to evade arrest in connection with this matter and was convicted in late 2005 with assault and battery and contempt of court. (4/6/06 Hearing Summary). Judge Urbanski denied the Government's Motion for Detention pending trial, but ordered that Defendant execute a $10,000 bond secured by real property as a condition of his release.

Defendant argues that this condition is excessive and violates his Eighth Amendment rights, calling it exorbitant and noting that he "is not being charged with an offense that warrants life imprisonment or the death penalty." He requests that the bond requirement be reduced from $10,000 secured to $1,000 unsecured.

Section 3142(c) of Title 18 of the United States Code provides that if a judicial officer

determines that release on personal recognizance or unsecured bond will not reasonably assure a person's appearance or the safety of any other person or the community, then that person shall be released, among other conditions, "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." This provision applies to any person "charged with an offense,"[1] and thus the fact that Defendant does not face a charge carrying a death or life sentence is irrelevant. Defendant does not cite any evidence or change in conditions undermining Judge Urbanski's implicit finding that a $10,000 secured bond is necessary to ensure his appearance or the safety of any person or the community. Accordingly, Defendant's motion is DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order and Opinion to all counsel of record.

ENTERED: _____
U.S. District Judge

May 3, 2006
Date

---

[1] 18 U.S.C. § 3142(a).